IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DANIELLE ELIZABETH DARE ALLEN
and DALE NELSON ALLEN                                                                PLAINTIFFS

VS.                                                                         CIVIL ACTION NO. 3:04CV820LN

CINEMARK USA, INC., doing business
as Tinseltown                                                                         DEFENDANT

## ORDER

This matter came before the court on the Plaintiffs' Motion for Order Compelling Discovery. The Court has reviewed the motion and noted the lack of a Certificate of Good Faith as an attachment to it. Fed. R. Civ. P. 37(a)(2)(A) requires a party moving to compel discovery to "include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Unif. Local R. 37.1(A) also requires counsel to confer in good faith prior to the filing of a discovery motion and goes on to state, "A Good Faith Certificate (Form #4) shall be filed with all discovery motions, with a copy to the Magistrate Judge." Thus, the moving party's filing of a Good Faith Certificate, in proper form, is a mandatory prerequisite to the court's consideration of a motion to compel.

This requirement is not an empty formality. On the contrary, it has been the court's experience that obliging attorneys to certify to the court that they have conferred in good faith results, in a large number of cases, in counsel's resolving their discovery disputes without court intervention. Thus, the requirement of a certificate cannot be satisfied by including with the motion the certification of one attorney that a conference was attempted, nor by attaching copies of correspondence that discuss the discovery at issue; instead, the court requires **both** attorneys to

certify that they conferred on the discovery issues in an attempt to resolve them. Failing that, the moving attorney must submit an affidavit detailing his attempts to obtain such a certificate.

Because no Certificate of Good Faith is attached to the Motion to Compel, the motion will be denied. This denial is without prejudice to the Plaintiffs' right to file a subsequent Motion to Compel with the appropriate attachment.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion for Order Compelling Discovery is hereby **denied**.

IT IS SO ORDERED, this the 17th day of January, 2006.

                                                       S/Alfred G. Nicols, Jr.
                                          UNITED STATES MAGISTRATE JUDGE