IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DANIELLE ELIZABETH DARE ALLEN
and DALE NELSON ALLEN                                                        PLAINTIFFS

VS.                                                          CIVIL ACTION NO. 3:04CV820LS

CINEMARK USA, INC., doing business
as Tinseltown                                                                 DEFENDANT

## ORDER

This matter came before the court on the Plaintiffs' Amended Motion for Order Compelling Discovery and their Second Amended Motion for Order Compelling Discovery. The first Motion was filed on January 20, 2006, and the court entered an Order giving the Defendant until February 14, 2006, to respond. The second Motion, which was intended to replace the original, was filed on February 10, 2006.

Unif. Local R. 37.1(B) requires a movant seeking to compel discovery to set out each individual discovery request at issue, along with the response to each request and a specific argument as to why each response is inadequate. The Plaintiffs failed to do that in this case, which has resulted in a generalized argument as to the failure to produce certain information and a generalized response about why the information should not be produced. As to the first request at issue, the court can only conclude that the Plaintiffs asked about the "specifications on the flooring material," and the Defendant believes the information to be irrelevant. In support of its position, the Defendant argues that the allegation is that a wet substance on the floor caused one of the Plaintiffs to fall, not the floor itself. Furthermore, the Defendant argues that the information will not help the Plaintiffs if they cannot establish the nature of the liquid. The court finds this argument unpersuasive. The scope of

discovery is broad, and it extends to any matter that might lead to the discovery of admissible information. The type of flooring on which one of the Plaintiffs was injured could be relevant both to the reason for her fall and the extent of her injuries. Producing that information should cause no undue burden on the Defendant. Therefore, the Motion to Compel is granted as to this request.

The Plaintiffs also argue that they are entitled to information on similar slips and falls. Apparently, this was the subject of Interrogatory No. 18, about which the Defendant claims there has been no notice of a dispute. Again, Interrogatory No. 18 is not set out in the Motion to Compel, as is required by the Local Rules, and the court will not undertake to read through the attachments to these pleadings to determine the history of this dispute. Therefore, the Motion to Compel is denied as to this request.

Finally, the Plaintiffs argue that they are entitled to the design plans for the "immediate area" of the accident site, and the Defendant objects on grounds of relevance and undue burden. Again, the precise request has not been set out in the Motion, nor has the response, so the court cannot make a determination as to the extent of the information sought. Moreover, the Plaintiff admits that it has inspected the accident premises, and the court cannot conclude on the information before it that such an inspection would not have adequately disclosed the floor plan and design of the area where the accident occurred. Therefore, the Motion to Compel is denied as to this request.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Amended Motion for Order Compelling Discovery is hereby determined to have been withdrawn, and the Plaintiffs' Second Amended Motion for Order Compelling Discovery is hereby **granted** in part and **denied** in part, as set out above. The Defendant shall serve the information requested by the Motion on the Plaintiffs on or before April 14, 2006.

IT IS SO ORDERED, this the 20th day of March, 2006.

                                                              S/James C. Sumner
                                        UNITED STATES MAGISTRATE JUDGE