IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DANIELLE ELIZABETH DARE ALLEN
and DALE NELSON ALLEN                                                          PLAINTIFFS

VS.                                                                    CIVIL ACTION NO. 3:04CV820LS

CINEMARK USA, INC., doing business
as Tinseltown                                                                   DEFENDANT

## ORDER

This matter came before the court on the Plaintiffs' Motion for Reconsideration, by which they seek a review of the Order entered on March 21, 2006, granting in part and denying in part their Second Motion for Order Compelling Discovery. In that Order, the court noted that the Plaintiffs had failed to comply with the requirement of Unif. Local R. 37.1(B) that discovery motions set out the individual requests at issue, the responses to those requests, and an argument specifically directed at each request. However, in making that ruling the court erroneously relied on their Amended Motion to Compel, rather than the Second Amended Motion to Compel, which does comply with the Local Rule. Due to that error, reconsideration of the Motion is appropriate, particularly since the court understands that the Defendant does not oppose reconsideration on that basis.

There were two requests on which the Plaintiffs were denied relief in the court's earlier Order. The first sought information on "date and location of the number of slips and falls occurring at or near the entrance to the theater, or rooms where the films are displayed." The Defendant objected to the request on grounds of relevance and undue burden. In particular, the Defendant argued that slips and falls on other flooring material, on other liquids, or in other areas of the theater were irrelevant. The court had earlier held that the Plaintiffs were entitled to discovery on the type

of flooring used in the area where the injured Plaintiff fell.  The history of that particular type of flooring material with regard to slips and falls should also be disclosed.  Therefore, the Defendant will be required to provide information on other slips and falls in the area where the injured Plaintiff fell, limited to incidents occurring on the same type of flooring.

Finally, the Plaintiffs requested "the architectural design plans for the Tinseltown cinema complex."  The court agrees with the Defendant that this request was overly broad; however, the Plaintiffs have agreed to limit their request to the area where the accident took place.  The court will grant that request, with that limitation.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Motion for Reconsideration is hereby **granted** in part and **denied** in part, as set out above.  The Defendant shall serve the information discussed above on the Plaintiffs on or before April 14, 2006.

IT IS SO ORDERED, this the 24th day of March, 2006.

                                                  S/James C. Sumner
                                      UNITED STATES MAGISTRATE JUDGE